IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

        Plaintiff,

  vs.                                              CIVIL NO.  12-342 PJK/LFG

VASUMATIBEN BHAKTA, HITENDRA
BHAKTA and NARENDRABHAI BHAKTA,

        Defendants.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Plaintiff American General Insurance Company's ("American General") Motion for Entry of Protective Order [Doc. 38]. Defendants oppose the motion, and filed a Response [Doc. 46], Amended Response [Doc. 47] and Supplemental Response [Doc. 51]. No reply is necessary.

Defendants seek discovery to include guidelines American General uses in underwriting insurance policies. Underwriting manuals are relevant, as they will likely reveal whether the insurer complied with its own internal standards and protocols. Moreover, they may contain information concerning the application of policy language. U.S. Fire Ins. Co. v. Bunge North American Ins., 244 F.R.D. 638, 646 (D. Kan. 2007); Stonewall v. Nat'l Gypsum Co., No. 86CIV9671 (SWK),1988 WL 96159, at *3-4 (S.D.N.Y. 1984). American General's underwriting guidelines of this nature are generally proprietary and the unauthorized disclosure to a business competitor could cause a competitive disadvantage. Thus, they are usually not produced without assurances of court-ordered protection. *See, e.g.*, AIG Centennial Ins. v. O'Neill, No. 09-60551-CIV, 2010 WL 4116555, at *8

(S.D. Fla. Oct. 18, 2010) (a protective order can address [insurer's] concerns [about disclosure]).

American General does not oppose producing information sought by Defendants in discovery, but simply wants the assurances of a protective order.

Defendants essentially argue that because American General categorizes its documents as "proprietary," "protected" or "confidential" doesn't necessarily make them so, and, therefore, Defendants refuse to enter into a protective order.

At a conference conducted in this case on November 27, 2012, the Court noted that such unreasonable refusal to enter into a protective order does nothing but delay the discovery process, as it has already done here.  The Court reviewed the proposed protective order, deems it appropriate, and finds that the information sought to be discovered by Defendants falls within the categories of documents that are entitled to court-ordered protection.

Defendants are to execute the proposed protective order and return it to American General within ten days.

IT IS SO ORDERED.

                                                                                                         _____
                                                                                                         Lorenzo F. Garcia
                                                                                                         United States Magistrate Judge